UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

YIMI RICHARD MARTINEZ RUIZ

      Petitioner,

v.                                                                                  Case No.: 2:26-cv-00184-KCD-DNF

KEVIN GUTHRIE, Executive Director of the
Florida Division of Emergency Management
TODD LYONS, Acting Director of the United
States Immigration and Customs Enforcement;
KRISTI NOEM, Secretary of the United States
Department of Homeland Security; PAMELA
BONDI, Attorney General of the United States;
GARRETT RIPA, Field Office Director of the
Miami Immigration and Customs Enforcement
Office, acting in their official capacities; U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT; and DEPARTMENT OF
HOMELAND SECURITY

      Respondents.
_____/

## MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

Petitioner, YIMI RICHARD MARTINEZ RUIZ, by and through undersigned counsel, respectfully moves this Court for entry of a temporary restraining order enjoining Respondents from removing Petitioner beyond the jurisdiction of the Middle District of Florida pending a final resolution of his habeas corpus petition.

## STATEMENT OF FACTS

Petitioner is a native and citizen of Nicaragua who has been living in the United States since 2005. Petitioner was previously in removal proceedings; however, removal proceedings were dismissed by the Department of Homeland Security on or about December 2, 2024.

Petitioner was arrested in Marion County, Florida, on December 21, 2025, under suspicion of burglary and resisting arrest without violence. However, the State Attorney's Office filed an Announcement of No Information on January 20, 2026. Based upon the undersigned's information and belief, Petitioner was the roommate of the suspect sought by law enforcement. Two witnesses, including the victim of the burglary, confirmed that Petitioner was an innocent bystander with no involvement.

Petitioner has no other criminal history except three No Valid Driver's License convictions in 2018 and 2014, and driving with suspended license and no vehicle registration withholds of adjudication in 2017.

Following the State Attorney's No Information Notice, rather than be released from the Marion County Jail, Petitioner was transported to the Orange County Jail and booked there on the basis of an "Immigration Hold" on January 21, 2026. Petitioner was held without charge or cause by the Orange County Jail from January 21, 2026, until he was released into ICE custody on January 24, 2026, and transported to an ICE processing center.

ICE returned Petitioner to the custody of the Orange County Jail and Petitioner was re-booked into the Orange County Jail on January 24, 2026, again without any pending criminal charges or cause. Further, there was no hold indicated in his booking information. On January 27, 2026, Petitioner was again released into the custody of ICE, and on January 28, 2026, Petitioner was booked into the Alligator Alcatraz detention facility near Ochopee, Florida.

## LEGAL STANDARD

This Court has authority to issue a temporary restraining order under Rule 65 of the Federal Rules of Civil Procedure. To obtain a temporary restraining order, a party must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the

relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on

the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex. rel*

*Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). When the government is the

opposing party, the third and fourth factors merge. *Gonzalez v. Governor of Ga.*, 978 F.3d 1266,

1271 (11th Cir. 2020).

Injunctive relief such as a temporary restraining order an extraordinary remedy that may

only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Winter v. NRDC,*

*Inc.*, 555 U.S. 7, 22 (2008). Preliminary injunction injunctive relief "is an extraordinary and drastic

remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four

prerequisites." *United States v. Jefferson Cty.*, 720 F.2d 1511, 1519 (11th Cir. 1983)

## ARGUMENT

### I. Petitioner is Likely to Succeed on the Merits.

The INA provides for mandatory detention of certain categories of noncitizens "seeking

entry into the United States" under 8 U.S.C. § 1225(b). *Jennings v. Rodriguez*, 583 U.S. 281, 297

(2018). It is at the "Nation's borders and ports of entry, where the Government must determine

whether an alien seeking to enter the country is inadmissible." *Id*. at 287.

In contrast, "Section 1226 generally governs the process of arresting and detaining that

group of aliens" that are already present in the United States. *Jennings*, 583 U.S. at 288.

Respondents have recently taken the position that all individuals present without

admission, regardless of how long they have been present in the United States, were applicants for

admission under § 1225(a)(1), and subject to mandatory detention under § 1225(b)(2)(A),

foreclosing immigration judges from having bond jurisdiction. *Matter of Yajure Hurtado*, 29 I&N

Dec. 216 (BIA 2025).

This new interpretation of the INA is plainly contrary to the statutory framework, contrary to decades of agency practice, and for these reasons, has been rejected by numerous courts throughout the country, including this District. *See Garcia v. Noem*, No. 2:25-cv-00879-SPC-NPM, 2025 LX 400655, at *11 n.5 (M.D. Fla. Oct. 31, 2025); *see also Rivero v. Mina*, No. 6:26-cv-66-RBD-NWH, 2026 LX 28307, at *12-13 (M.D. Fla. Jan. 26, 2026).

Petitioner has been in this country since 2005, making his detention governed by § 1226(a) and not § 1225.

## II.  Petitioner Will Suffer Irreparable Harm Absent a Temporary Restraining Order.

Petitioner will suffer irreparable harm that cannot be remedied through monetary damages should he be removed from the United States or transferred outside the Middle District of Florida before the adjudication of his pending habeas petition. Such action would render his petition moot and deprive this Court jurisdiction to adjudicate his claims regarding the deprivation of his constitutional rights. Respondents could potentially transport Petitioner to different jurisdictions any time Petitioner files a petition challenging the constitutionality of his detention and subject him to indefinite detention without an opportunity to resolve his constitutional claims.

## III.  The Balance of Equities and Public Interest Tips Sharply in Petitioner's Favor.

Respondents would suffer minimal harm, if any, from a restriction of their ability to relocate Petitioner beyond the Middle District of Florida or outside of the United States during the Court's consideration of the merits of Petitioner habeas corpus petition. Further, "the public interest benefits from an injunction that ensures that individuals are not deprived of their liberty and held in immigration detention because of . . . a likely unconstitutional process. *Hernandez v. Sessions*, 872 F.3d 976, 996 (9th Cir. 2017).

In contrast, Petitioner's life, liberty and constitutional rights may be perpetually infringed upon should Respondents be permitted to transport Petitioner outside the jurisdiction of this Court. Such harm would be irreversible, tipping the balance of hardships and the public interest in Petitioner's favor and warranting a temporary injunction preventing such relocation.

**IV. The Court Should Not Require a Security from Petitioner.**

Because Respondents likely face no prejudice following the issuance of a temporary restraining order, and because such an order would be in the public interest, the Court should exercise its discretion to waive the Rule 65(c) security requirement. *See Johnpaul Ajugwe v. Noem*, No. 8:25-cv-982-MSS-AEP, 2025 U.S. Dist. LEXIS 89415, *29 (M.D. Fla. May 12, 2025) (exercising its discretion to waive the Rule 65(c) bond requirement).

**CONCLUSION**

For the foregoing reasons, Petitioner, YIMI RICHARD MARTINEZ RUIZ, respectfully requests this Court enter a Temporary Restraining Order and/or Preliminary Injunction enjoining Respondents, their agents, officers, employees, and all persons acting in concert with them, from removing Petitioner beyond the jurisdiction of the Middle District of Florida pending final adjudication of his habeas corpus petition.

**Local RULE 6.01 & 6.02 CERTIFICATION**

Undersigned counsel certifies that, due to the urgent nature of the threatened transfer of Petitioner beyond the jurisdiction of this Court, good-faith efforts to confer and notify each affected party prior to filing were not feasible, and immediate judicial intervention is necessary.

Undersigned further certifies that This motion is supported by a filed verified Petition for Writ of Habeas Corpus and exhibits (Doc. 1 et seq.) establishing the factual basis for relief.

Dated: January 30, 2026

Respectfully submitted,

*/s/ Nicholas Ravinet*
**NICHOLAS RAVINET, ESQ.**
Florida Bar No. 113599
**METTS LEGAL, P.A.**
1419 Gene Street
Winter Park, FL 32789
Tel.:  321.422.0430
Fax.: 321.422.0499
nicholas.ravinet@mettslegal.com
patricemcleod@mettslegal.com
*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on  January 30, 2026, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court via the CV/ECF system.

*/s/ Nicholas Ravinet*
**NICHOLAS RAVINET, ESQ.**