UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YIMI RICHARD MARTINEZ RUIZ,

    Plaintiff,

v.

Case No. 2:26-cv-184-KCD-DNF

KEVIN GUTHRIE, TODD LYONS, SECRETARY KRISTI NOEM, ATTORNEY GENERAL PAMELA BONDI, GARRETT RIPA,  U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,  DEPARTMENT OF HOMELAND SECURITY,

    Defendants,
_____/

## ORDER

Petitioner Yimi Richard Martinez Ruiz is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and an accompanying emergency motion for temporary restraining order (Doc. 3).[1] He asks this Court to intervene quickly. Specifically, he seeks an order preventing the Government from removing him from the United States—or even from this judicial district—while his case is pending. He argues that without this pause button, the Government might whisk him away

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

and deprive him of a chance to litigate the merits of the habeas petition. (*See* Doc. 3 at 4.)[2]

Ruiz's concerns are logical. But federal courts operate within strict boundaries set by Congress. And when it comes to stopping the Government from executing a removal order, those boundaries are high walls that we cannot scale. What is more, Ruiz's fear that moving him physically will strip this Court of jurisdiction is legally unfounded. Because the relief Ruiz seeks is either unobtainable or unnecessary, his emergency motion falls short.

## I. Background

The facts are simple. Ruiz has lived in the United States since 2005. (Doc. 3 at 2.) Following an arrest for charges that were later dropped, Ruiz was booked on an "immigration hold." (*Id.*) He was then transferred "into the custody of ICE." (*Id.*) Ruiz claims he is entitled to a bond hearing and seeks emergency relief to prevent his removal while the habeas case plays out.

## II. Standard of Review

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-

---

[2] Ruiz's motion is not paginated, so the Court cites the page numbers generated by its electronic filing system.

movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

### III. Discussion

Ruiz raises substantive arguments that are not easily dismissed. But having a good argument is not alone enough for a TRO—you must also seek a remedy the Court can give. *See, e.g.*, *Sekona v. Perez*, No. 1:19-CV-00400-JLT-HBK, 2025 WL 2140093, at *2 (E.D. Cal. July 29, 2025) ("The injunctive relief an applicant requests must relate to the claims brought in the complaint."). The fundamental stumbling block here is the relief Ruiz requests.

First, he asks the Court to intervene and stay his removal from the United States. (Doc. 3 at 2.) But the Immigration and Nationality Act contains a jurisdiction-stripping provision that is as clear as it is potent. It states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

This provision is designed to protect the Government's discretion in three specific areas: commencing proceedings, adjudicating cases, and—crucially for Ruiz—executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). When a claimant seeks an injunction to stay his removal, he is asking the court to do exactly what the statute forbids: interfere with the Government's decision to execute a removal order. *See Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir. 2021).

Staying Ruiz's removal would be to forbid the executive from doing what § 1252(g) says we cannot interfere with. "Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have jurisdiction over the [underlying] claims presented." *Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019); *see also Rivera-Amador v. Rhoden*, No. 3:25-CV-1460-WWB-SJH, 2025 WL 3687452, at *3 (M.D. Fla. Dec. 19, 2025); *Lopez v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-134-CDL-MSH, 2018 WL 7051097, at *2 (M.D. Ga. Dec. 26, 2018). Because § 1252(g) removes this Court's power to act, Ruiz's request to enjoin removal from the United States must be denied. *See, e.g., Torres-Mejia v. Trump*, No. 1:25-CV-1623, 2025 WL 3684258, at *9 (W.D. Mich. Dec. 19, 2025) ("Because a general request for a stay of removal would concern a

decision or action by the Attorney General to . . . execute removal orders, the Court finds that § 1252(g) precludes [its] jurisdiction over such claims.").

Next up, Ruiz asks for an order preventing the Government from removing him beyond the Middle District of Florida. (Doc. 3 at 5.) The answer is similarly no. "[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025). So an order enjoining Ruiz's transfer to somewhere besides the Middle District of Florida is superfluous. We do not issue injunctions to prevent harms that legally cannot happen. *Cf. Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

## IV. Conclusion

While the Court takes Ruiz's underlying liberty claims seriously, the specific stopgap measures he requests are either beyond our reach or beside the point. Accordingly, his Motion for Temporary Restraining Order And/Or Preliminary Injunction (Doc. 3) is **DENIED**, and the case will proceed to a review of the merits of the habeas petition.

**ORDERED** in Fort Myers, Florida on February 17, 2026.

Kyle C. Dudek
United States District Judge