UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YIMI RICHARD MARTINEZ RUIZ,

    Petitioner,

v.                                                                                  Case No. 2:26-cv-184-KCD-DNF

KEVIN GUTHRIE, TODD LYONS,
SECRETARY KRISTI NOEM,
ATTORNEY GENERAL PAMELA
BONDI, GARRETT RIPA, U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT, DEPARTMENT
OF HOMELAND SECURITY,

    Respondents.
_____/

**ORDER**

Petitioner Yimi Richard Martinez Ruiz has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA"), and his continued detention without a hearing contravenes the Fifth Amendment and the Administrative Procedures Act. (*Id.* at 6-9.) Respondents oppose the petition. (Doc. 11.) For the reasons below, the petition is **GRANTED IN PART AND DENIED IN PART**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Petitioner illegally entered the United States in 2005. (Doc. 1 ¶ 20.) He was recently detained by ICE and is now being held pending removal. (*Id.* ¶ 26.)

The heart of this dispute is a question of statutory interpretation involving the interplay between 8 U.S.C. §§ 1225 and 1226. According to Petitioner, the Attorney General is unlawfully holding him under § 1225(b)(2), which mandates his detention, instead of under § 1226(a)'s discretionary detention scheme, where he could be eligible for release. (Doc. 1 ¶ 45.) As a result, his continued immigration detention without a bond hearing is unconstitutional. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("[Sections] 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded.").

As the Government concedes, the Court has already covered this ground and addressed the issues raised by Petitioner. *See Hernandez-Lopez v. Hardin*, No. 2:25-CV-830-KCD-NPM, 2025 WL 3022245 (M.D. Fla. Oct. 29, 2025); *Garcia v. Noem*, No. 2:25-CV-00879-SPC-NPM, 2025 WL 3041895, at *6 (M.D. Fla. Oct. 31, 2025). There, the Court was satisfied of its jurisdiction and found that petitioners were being held in violation of their rights under the INA, entitling them to habeas relief.

Since these prior rulings, however, federal courts have split over whether classifying all illegal aliens under § 1225, rather than § 1226,

violates the INA or the Constitution. *Compare Cabanas v. Bondi*, No. 4:25-CV-04830, 2025 WL 3171331, at *5 (S.D. Tex. Nov. 13, 2025) (collecting decisions holding that the statutory text of § 1225 provides the appropriate framework for evaluating the permissibility of a petitioner's detention pending otherwise valid removal proceedings), *with Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025) (collecting decisions holding that the statutory text of § 1226 provides the appropriate framework for evaluating the permissibility of a petitioner's detention pending otherwise valid removal proceedings). The Court continues to agree that the latter approach better aligns with the statutory text, respects our foundational rules of interpretation, and follows the Supreme Court's direct guidance.

Let's start with what the Supreme Court has told us. In *Jennings v. Rodriguez*, where the Court analyzed several statutes that provide for the Government's detention of aliens during immigration proceedings, it remarked: "§ 1226 applies to aliens already present in the United States." 583 U.S. at 303. Some courts have waved this language away as a passing remark or out-of-context dicta. But when the Supreme Court provides a carefully reasoned, multi-section analysis explaining the scope of its own precedents and the statutory framework, we do not just brush it off. "[T]here is dicta, and then there is Supreme Court dicta." *Schwab v. Crosby*, 451 F.3d 1308, 1325 (11th Cir. 2006). "Until the Supreme Court speaks directly to the

3

point here, *Jennings* is what we've got." *Guaiquire v. Quinones*, No. 6:26-CV-169-RBD-RMN, 2026 WL 279369, at *3 (M.D. Fla. Feb. 3, 2026).

The underlying text also supports applying § 1226 here. Section 1225 tells us that mandatory detention applies if a person is both an "applicant for admission" and "seeking admission." *Id.* § 1225(b)(2)(A). Use of the present participle "seeking" signals an affirmative, present-tense action. And the thing being acquired or sought is physical entry into the United States. *See Kashranov v. Jamison*, No. 2:25-CV-05555-JDW, 2025 WL 3188399, at *6 (E.D. Pa. Nov. 14, 2025). You cannot actively "seek" physical entry into a country if you are already living and working inside it.

The Government's proposed reading essentially asks us to believe that everyone who is an "applicant for admission" is automatically "seeking admission," making the two phrases identical. But Congress put both phrases in the very same sentence. If they meant the exact same thing, one of them would be useless surplusage. We generally do not read words out of a statute. "That would make us legislators, not jurists." *Guaiquire*, 2026 WL 279369, at *6.

Finally, look at the broader statutory picture. Just last year, Congress passed the Laken Riley Act to amend § 1226(c), explicitly requiring the mandatory detention of noncitizens already present in the country who are accused of certain crimes. 8 U.S.C. § 1226(c)(1)(E). If § 1225 already

4

mandated the indefinite detention of *all* non-admitted aliens present in the country, as the Government contends, why would Congress bother passing a brand-new law to detain a specific subset of them? They wouldn't. The Government's interpretation would seemingly render the Laken Riley Act and § 1226(c) superfluous. *See Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307, at *6 (E.D. Pa. Nov. 19, 2025).

The Court is aware of the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), which adopted the Government's interpretation of the INA. That decision is not binding here, and it contradicts most of the cases to consider the issue. The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the Government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

Turning back to the claims here, Petitioner seeks a writ of habeas corpus ordering his release from custody. (Doc. 1 ¶ 54.) But that is not something the Court can do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596

5

(E.D. Wis. 2021). Petitioner is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Petitioner with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

One last issue. Petitioner also challenges his detention under the Fifth Amendment and the Administrative Procedures Act. These claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Petitioner with a bond hearing as ordered, he can renew his other claims in a subsequent complaint.[2]

For the reasons given, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Petitioner with the statutory process required under §

---

[2] Several defendants raise an argument that they are not proper parties (Doc. 11 at 1 n.1), which the Court also rejects. *See Sanchez-Penunuri v. Longshore*, 7 F. Supp. 3d 1136, 1150 (D. Colo. 2013), *Masingene v. Martin*, 424 F. Supp. 3d 1298, 1302 (S.D. Fla. 2020). When the Government splits the atom of custody—giving physical control to a local jailer but keeping all legal and administrative authority in the hands of federal agencies—the Court is not going to let the responsible parties off the hook based on a technicality. Because it remains unclear which specific federal or local official must push the button to grant the required bond hearing or facilitate Petitioner's release, all named defendants will remain in this case. Just as the Court has done in similar cases, the injunction will apply to everyone, as well as their agents, to ensure the Court's order is actually carried out.

1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.[3]

**ORDERED** in Fort Myers, Florida on February 24, 2026.

Kyle C. Dudek
United States District Judge

---

[3] The Court is aware of a pending California case that certified a class action of aliens who, like Petitioner, are in immigration detention and being denied access to a bond hearing. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). A final judgment has been issued in *Bautista*, which would ostensibly cover this dispute. Yet neither party seeks to apply *Bautista* here, nor argues its applicability. In any event, Petitioner would seemingly need to return to this jurisdiction to obtain the habeas relief sought. *See, e.g., Alli v. Decker*, 650 F.3d 1007, 1015 (3d Cir. 2011); *J.E.F.M. v. Holder*, 107 F. Supp. 3d 1119, 1144 (W.D. Wash. 2015). The Court will thus grant relief here notwithstanding *Bautista*.